WATKINS, Judge.
This appeal involves an alleged verbal contract for the exchange of property between the plaintiff and defendant, and subsequent improvements to the defendant’s property. The trial court concluded that there was no contract and that the plaintiff and defendant should be returned to their original status. The court further held the defendant liable for the cost of improvements and storage of his property while it was in the plaintiffs custody. We amend and affirm as amended.
FACTS
Plaintiff, Eric Wermuth, and defendant, John Anderson, began negotiations for an exchange of property sometime in September of 1985. The plaintiff was to exchange his auto parts business and a piece of immovable property upon which he was operating a salvage yard for the defendant’s 1972 Pantera automobile. Shortly thereafter the defendant gave the plaintiff the keys to the Pantera in order for the plaintiff to determine what would be required to restore the car. The car remained with the plaintiff for several months. During this time the plaintiff authorized Coventry Motors to perform $1,832.18 in repairs to the car. The plaintiff also performed some minor repairs himself. The defendant was aware of the work being done to the Pant-era and told the plaintiff that if the “deal” did not work out that he [defendant] would pay for the repairs. Shortly after the plaintiff took custody of the Pantera the defendant was given access to the auto parts business and the salvage yard. The defendant delivered several pieces of equipment to the parts business, hired someone to work in the parts business, and also made regular visits to the business two or three times a week. Notwithstanding the defendant’s involvement in the businesses, the plaintiff continued to manage them, paying all necessary operating expenses. The defendant never took control of the businesses, allegedly because of financial problems.
Sometime in January or February of 1986 the plaintiff closed the parts store due to financial problems. He thereafter filed suit against the defendant for breach of contract, seeking title to the Pantera and reimbursement of business operating expenses from September, 1985 to February, 1986. In the alternative, the plaintiff sought return of the monies spent on the businesses, the cost of improvements to the Pantera, storage fees and a mechanic’s lien. The plaintiff further sought a writ of sequestration on the Pantera. The writ was granted on June 12, 1986. The Pant-era was thereafter seized and stored at Coventry Motors where it remained during the pendency of these proceedings. Storage fees of $10.00 per day began accruing on January 12, 1986.
After trial on the merits the trial court concluded that no contract existed between the plaintiff and defendant, stating. that there was never a “meeting of the minds” between the plaintiff and defendant concerning the exchange of property. In order to put the parties back in their original positions the court held the defendant liable for the full amount of the repairs, total-ling $1,832.18, as well as storage costs of $10.00 per day from January 12, 1986 to February 13, 1987, amounting to $3,970.00. The defendant was also ordered to pay legal interest from the date of judicial demand, plus all court costs.
The defendant appealed, alleging the trial court erred in awarding the plaintiff an amount of damages based upon the claim of a third-party who had no privity of contract with the defendant, nor were they a party to the proceeding. Plaintiff did not appeal. We will therefore address only the issue of damages awarded to the plaintiff.
During the trial the plaintiff stated that he was obligated to pay Coventry Motors for the repairs which he authorized on the Pantera. However, he contends that the defendant is responsible for reimbursing him this amount. The original repair bill *504 was introduced into evidence to support this claim, and at the time of trial the bill remained unpaid. Based on this evidence the trial court awarded the plaintiff the sum of the repair bill, plus the storage fees which had accrued from January 12, 1986 to February 13, 1987.
The defendant argues that the plaintiff had no legal obligation at the time of the judgment to pay for the repairs performed by Coventry Motors. Defendant further submits that only Coventry Motors may pursue this claim. In other words, the defendant has no guarantee that the damages awarded to the plaintiff will prohibit Coventry Motors from retaining the Pant-era and seeking payment of the repairs and storage fees.
The defendant’s testimony admitting that he was aware of the repairs to the Pantera and his agreement to pay for same convinces us that the trial court correctly held the defendant liable for these expenses. We further note that the defendant made no effort to abate the amount of storage fees by seeking a release of his property under LSA-C.C.P. art. 3507.[1] Nor did the defendant prove that the storage fees of $10.00 per day were unreasonable. Based on these facts we cannot find the trial court’s assessment of damages an abuse of its discretion. However, we do not agree with the trial court’s method of awarding these damages to the plaintiff without any assurances to the defendant that the Pantera will be returned to him. We therefore amend the trial court judgment to require defendant to pay these damages to plaintiff, upon proof by plaintiff that these bills have actually been paid, and the 1972 Pant-era has been delivered to the defendant free of any security interest created by the repairs and storage debts.
AMENDED AND AFFIRMED AS AMENDED.

. LSA-C.C.P. art. 3507 reads as follows:
A defendant may obtain the release of the property seized under a writ of attachment or of sequestration by furnishing security for the satisfaction of any judgment which may be rendered against him.